UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| KEN WALTERS, DON DOSER, in their respective capacities as Trustees of the OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA et al., <br><br> Plaintiffs, <br> vs. <br><br> ALAKHDEO PRASAD SINGH, individually and doing business as STANDARD ENGINEERING, <br><br> Defendant. | Case No.: C 03-4468 JSW (MEJ) <br><br> **REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT** |

Before the Court is Plaintiffs' Motion for Entry of Default Judgment. Defendant filed no opposition and failed to appear at the May 26, 2005 hearing. Upon review of Plaintiffs' motion, the Court hereby RECOMMENDS that the District Court GRANT Plaintiffs' motion for the reasons set forth below.

**FINDINGS OF FACT**

1. On October 2, 2003, Plaintiffs filed a complaint seeking damages. The complaint primarily alleges breach of contract governed by Section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. section 1132) and Section 301 of the Labor

_____
PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:
Case No. C 03-4468 JSW (MEJ)
- 1 -

Management Relations Act ("LMRA") (29 U.S.C. section 185). The complaint alleges the following facts.

2. At all times material herein, plaintiffs had been trustees of the trust funds established under ERISA and LMRA (Compl. 4). Such trust funds are employee-benefit plans created by written trust agreements and funded by contributions made pursuant to the terms of written collective bargaining agreements (*ibid*.). Plaintiffs as trustees were to ensure that contributions were fully and correctly made to these trust funds pursuant to the collective bargaining agreements (*id*. at 6).

3. The collective-bargaining agreement incorporated by reference the terms of the Operating Engineers Master Agreement for Northern California ("Master Agreement") (*id*. at 7). The Master Agreement provided that employers contribute and pay a set amount per month per covered employee into the said trust funds (*id*. at 8).

4. The collective bargaining agreement also incorporated by reference the terms of the Trust Agreements. (*ibid*). The Master Agreement and Trust Agreements provide for an audit of the signatory employer's books and records in order to permit the Trustees of the Trust Funds to ascertain whether fringe benefit contributions have been paid as required by the applicable labor agreement and laws. (*id* at 9).

5. The Defendant had been an employer who agreed to be bound by the collective-bargaining agreement and thereby all the applicable provisions of the Master agreement and the Trust Agreements (see *id*. at 5 & 7).

6. A copy of the collective bargaining agreement signed by the Defendant was attached to the Declaration of Wayne McBride (submitted by Plaintiffs in support of their motion for entry of default judgment) as Exhibit A. The complaint alleged that an audit of the Defendant's books and records conducted by the Trust Funds revealed that the Defendant failed to pay fringe benefit contributions in the amount of $10,454.00 and liquidated damages in the amount of $2,831.17 (*id*. at 10). After filing the complaint the Defendant made one payment in the amount of $2,052.18 toward the audit shortages; therefore, the outstanding amount of principal contributions owed, as revealed by the audit, is currently $8,407.25 (Decl. McBride at 11, Exh. E)..

7. The Trust Agreements provide that liquidated damages in the amount of thirty-five dollars ($35.00) or fifteen percent (15%) of the outstanding amount owed, whichever is

greater, is assessed by the Trust Fund against the employer, if the employer remits the contributions late.  Interest at the annual rate of twelve percent (12%) of the contributions until such amount is paid is assessed on delinquent contributions  (*id*. at para. 5, Exhs. A and B sections 12.00.00 et seq.).

8.	Section 12.13.02 of the Master Agreement provides for the recovery of attorney's fees and costs in an action to recover a delinquent balance due  (*id*. at 12, Exh. B).  Additionally, section 502(g)(2) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(g)(2) also provides for the recovery of attorney's fees and costs incurred in an action to recover a delinquent balance due  (Complaint at 11).  Plaintiffs incurred $2,537.00 in attorney's fees and costs relating to this action to recover the delinquent balance due to them for the audit shortages owed by the Defendant.  (Decl. McBride at para. 13; Decl. Mainguy).

9.	Plaintiffs served the Defendant with the summons and complaint on October 22, 2003.  The Defendant did not serve plaintiff with a responsive pleading within twenty days, as required by FRCP 12(a)(1)(A), or otherwise appear in the case.  Default was entered on February 3, 2004.

10.	The Defendant is not an infant or incompetent person and is not in the military or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.  (Decl. McBride at para. 4).

11.	The Court has personal jurisdiction over the Defendant because he conducted business in the jurisdiction.  (*id* at paras. 4 & 6).  Subject matter jurisdiction also exists under 28 U.S.C. 1331.

## CONCLUSIONS OF LAW.

1.	Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the court for entry of default judgment.  Whether to grant a motion for default judgment is within the discretion of the trial court.  Lau Ah Yew v. Dulles, 236 F.2d 415, 416 (9th Cir. 1956).  In the Ninth Circuit, a court is to consider the following factors in exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rule of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors favor entry of default judgment in this action.

2.   With respect to the merits and sufficiency of Plaintiffs' complaint, after entry of default, well-pleaded allegations in the complaint regarding liability are taken as true, except as to the amount of damages. Fair Hous. v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Therefore, there can not be a dispute regarding the material facts. As such, the Court finds that Eitel factors two, three and five weigh in favor of entry of default judgment.

3.   To prevail in an action for breach of contract, plaintiffs must show that (1) there is a contract, (2) plaintiff performed, (3) defendants breached, and (4) there is resulting damage. See Careau & Co. v. Security Pac. Business Credit, Inc., 222 Cal. App. 3d 1371, 1399 (1990). Where a collective bargaining agreement, as here, requires contributions on behalf of employees who performed covered work, it will be enforced. Agthos v. Starlite Motel, 977 F.2d 1500 (3rd Cir. 1992). Moreover, ERISA section 515, 29 U.S.C. section 1145, provides:

> Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

4.   The complaint alleges that there was a valid collective bargaining agreement between the parties. A copy of the contract was attached as Exhibit A to the Declaration of Wayne E. McBride submitted in support of Plaintiffs' motion for entry of default judgment by court. The complaint also alleges that the plaintiffs as trustees performed to insure contributions were made according to the contract by conducting an audit of the defendant's books and records. Furthermore, the complaint alleges that the defendant failed to pay the principal contributions and liquidated damages owed for covered work performed under the collective bargaining agreement pursuant to the terms of the collective bargaining agreement and trust agreements. Finally, Plaintiffs seek to recover $13,775.42 in damages, including attorney's fees and costs. Plaintiffs therefore have alleged and provided evidence of damages to support all of the elements for breach of contract. Therefore, they have made a strong showing of likelihood of success on the merits.

5.   With respect to the remaining Eitel factors, such factors also favor entry of a default judgment in Plaintiffs favor. To deny Plaintiffs' motion will leave Plaintiffs without a

remedy, thus causing prejudice. Plaintiffs seek $13,775.42 in damages, including attorney's fees and costs. Although this is not a small sum, plaintiffs will be prejudiced if they are denied remedy considering the merits of the case. The Defendant has refused to litigate this action after being properly served with the complaint and the notice of default. It is unlikely that the default was the result of excusable neglect, especially in light of the fact that it was entered well in excess of a year ago. Although federal policy may favors decisions on the merits, Federal Rule of Civil Procedure 55(b) permits entry of default judgment in situations such as this where the defendant refuses to litigate. Consequently, consideration of the Eitel factors favor entry of default judgment.

     6.     In regard to the damages, Plaintiffs seek damages of $11,238.42 for outstanding contributions and liquidated damages revealed as owed by the Defendant to the Plaintiffs by the audit. The Master Agreement and Trust Agreements contain specific provisions for calculating fringe benefits as well as liquidated damages for delinquent payments and attorney's fees and costs for collection of those delinquent payments (decl. McBride para. 5, Exh. B at 12.00.00-12.13.02). Plaintiffs filed the declaration of Wayne E. McBride with an attached Exhibit D that shows the history of Defendant's account with Plaintiffs and an attached Exhibit G that shows the calculation of the audit shortages. Determinations of amounts due under the collective bargaining agreement requiring payments will be construed in favor of the funds. Irwin v. Carpenters Health and Welfare Trust Fund for California, 745 F.2d 553, 555-557 (9th Cir. 1984). With respect to liquidated damages owed under collective bargaining agreements, under federal common law, liquidated damages provisions, such as the one at hand, are enforceable and not void as a penalty. Idaho Plumbers v. United Mechanical Contractors, 875 F.2d 212, 216 (9th Cir. 1989).

     7.     Plaintiffs also request $2,537.00 in attorney's fees and court costs incurred due to filing of an action in order to collect any delinquent payments. (Decl. McBride at paras. 21-13). Plaintiffs' Counsel has filed a declaration describing the tasks she performed in this action, her billing rate, and the costs incurred due to this legal action (Decl. Mainguy).

     8.     Having evaluated Plaintiffs' motion, supporting papers, and for good cause shown, the Court hereby RECOMMENDS that the District Court GRANT the entry of default judgment for damages of $11,238.42 and the award of $2,537.00 in attorney's fees and costs.

**CONCLUSION**

**IT IS HEREBY RECOMMENDED:**

(1)     That Defendant shall pay Plaintiffs for the outstanding contributions to the trust funds and liquidated damages and interest, as revealed by the Trust Funds' audit, in the sum of $11,238.42.

(2)     That Defendant shall Plaintiffs' attorney's fees and costs of suit herein in the sum of $2,537.00.

Pursuant to Federal Rule of Civil Procedure 72, a party may serve and file objections to this Report and Recommendation within ten days after being served with a copy of the report.

Dated: May 26, 2005                     _____/s/ Maria-Elena James_____
                                        HONORABLE MARIA-ELENA JAMES
                                        MAGISTRATE JUDGE